UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LORRAINE CADMAN, individually
and as Personal Representative for the
Estate of OPHELIA KANUHO, deceased,
and SADIE KANUHO individually**,

    Plaintiffs,

    v.        **CIV. NO. 04-1200 WJ/ACT**

**THE UNITED STATES OF AMERICA**,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiffs' Motion to Approve Settlement involving a Minor. [Doc. No. 35]. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned for a recommendation on the ultimate disposition of the proposed settlement. [Doc. No. 34]. The Court held a hearing on Plaintiff's Motion on September 13, 2005.

    1. This matter is a wrongful death action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. Ophelia Kanohu went to the emergency room at the Gallup Indian Medical Center on February 26, 2002 complaining of shortness of breath, sweating, vomiting and inability to eat for three days. She died two days later. Plaintiff asserts that her cause of death was due to cardiomegaly and related cardio-vascular complications and conditions. Ophelia Kanuho was thirty three years old and had a history of a cardiac condition.

    2. At the time of her death Ophelia Kanohu had one surviving child, Richard Edward

Gonzales, Jr., ("Richard") who was born on June 17, 1996. The Personal Representative in this matter, Lorraine Cadman, Ophelia Kanohu's sister and Richard's aunt. Ophelia Kanohu's mother and Richard's grandmother, Sadie Kanuho, is Richard's permanent guardian. Richard's father, Richard Edward Gonzales, Sr. has visitation rights and child support responsibilities. Richard Edward Gonzales, Sr. and Ophelia Kanuho were never married.

3. The Estate of Ophelia Kanuho is being probated before the Window Rock Family Court, Navajo Nation.

4. The parties have agreed to settle this matter for $350,000.

5. The structured settlement is as follows: Richard is to receive $1,000 per month for 103 months at a cost of $89,063.00. Richard will receive $4,000 on his eighteenth birthday, $5,000 on his twenty first birthday and the remainder of an annuity purchased at a cost of $20,000 annuity on his twenty-fifth birthday.

6. There will be a cash settlement in the amount of $131,432.95. This will be used, in part, to purchase a pick up truck, a tractor, a trailer and to improve the family home which is located on a tribal homesite lease within the Navajo nation.

7. The attorneys' fees in this matter, pursuant to 28 U.S.C. § 2678 are $87,500.00. plus gross receipts tax of $5,906.25. The costs in this matter total $,8171.11.

8. The attorneys fees and costs for the guardianship of Richard to be paid out of the settlement proceeds are $6,859.19.

9. The Guardian ad Litem fee is $1067.50.

10. At the hearing Lorraine Cadman and Sadie Kanuho testified. Both testified that they had received the advice and counsel of competent attorneys and were satisfied with the legal services

provided. They had sufficient opportunity to confer with counsel concerning this settlement. Both understand that they are under no obligation to settle the case and could elect to proceed to trial. Both had been advised and understand that a trial might have resulted in a greater award of damages, a lesser award, or perhaps, no award at all.

11. Lorraine Cadman and Sadie Kanuho testified that they believed the settlement was fair and reasonable and was not the product of force, duress, coercion or undue influence.

12. Richard's father has not exercised his visitation rights, only honored his child support obligation for one month and has had no involvements or apparent interest in this lawsuit.

13. F. Michael Hart was appointed as a *guardian ad litem* on September 02, 2005. [Doc. No. 29]. His report was filed on September 13, 2005. [Doc. No. 33]. He concluded that the settlement was in the best interests of Richard and should be approved.

14. It was represented to the Court that this settlement must be approved by the court of the Navajo Nation. It was also represented that the cash settlement will be monitored by the presiding judge in the guardianship proceedings of the Navajo Court. The Court agrees that the Navajo Court is in the best position to monitor these expenditures. The Court strongly recommends to the parties and the Navajo Court that a portion of the cash settlement be set aside for Richard's education.

15. After consideration of the evidence and the presentations of counsel, the Court concludes that it has jurisdiction over the parties and subject matter and that the settlement is in the bests interests of Richard.

**RECOMMENDED DISPOSITION**

I recommend that the Court enter an order approving the settlement.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**